# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY HARBOTTLE, | 1:13-cv-00396-AWI-BAM (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| BRAZELTON, | [ECF No. 1] |
| Respondent. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on March 18, 2013. Petitioner challenging the Board of Parole Hearings' 2010 denial of parole. He specifically contends that the record does not support that he has failed to reform, his incarceration beyond the Indeterminate Sentencing Law mandate is an ex post facto violation, and application of Marsy's law resulted in a due process and ex post facto violation.

## DISCUSSION

I.  Challenge to Parole Determination

In the context of a state parole hearing, a federal court's habeas corpus review is extremely limited. The United States Supreme Court in Swarthout v. Cook, __ U.S. __, 131 S.Ct. 859, 863 (2011) (per curiam) held that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied

rests with California courts," and not with the federal court. Since there is no right under the United States Constitution to be released before the expiration of a valid sentence, the federal court's review role is to focus solely on whether a prisoner denied parole received due process- defined as whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id., at 862 (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979). "The Constitution does not require more [process]." Id.

A review of the instant case reveals Petitioner was present at his parole hearing, was given an opportunity to be heard, and was provided a statement of reasons for the parole board's decision. (See Pet. Ex. B., Tr. of September 2, 2010, hearing.) Accordingly, under Swarthout, the federal court's inquiry ends and the petitioner's present petition fails to state a claim upon which relief can be granted, and hence, the instant petition for writ of habeas corpus must be dismissed. Additionally, because there is no tenable claim for relief that can be pled by further amendment to the petition, the granting of leave to amend would be futile and result in the same finding. See Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

        II.       Marsy's Law/Ex Post Facto Violation

Petitioner also claims Marsy's Law was applied to him retroactively in violation of his due process rights. At the September 2, 2010 hearing, his next parole consideration hearing was postponed for three years.

There is no evidence in the record that Petitioner has been wrongly denied parole or that he was wrongly denied the process for expedited parole review provided for in Penal Code § 3041.5, subdivision (d). The court finds that Marsy's Law, as applied to Petitioner, does not create a significant risk that Petitioner will receive ex post facto punishment.

As explained in detail below, Marsy's law increased the minimum parole hearing deferral period from one year to three years, the maximum deferral period from five years to fifteen years, and the default deferral period from one year to fifteen years. Cal. Penal Code § 3041.5; Gilman v. Schwarzenegger, 638 F.3d 1101, 1104 (9th Cir. 2011).

The Ex Post Facto Clause of the United States Constitution prohibits the states from passing any "ex post facto law," a prohibition that "is aimed at laws 'that retroactively alter the definition of crimes or increase the punishment for criminal acts.'" Cal. Dept. of Corrections v. Morales, 514 U.S. 499, 504 (1995); see also Weaver v. Graham, 450 U.S. 24, 28 (1981) (providing that "[t]he ex post facto prohibition forbids the Congress and the States to enact any law 'which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.'"). The United States Supreme Court has held that "[r]etroactive changes in laws governing parole of prisoners, in some instances, may be violative of this precept." Garner v. Jones, 529 U.S. 244, 250 (2000).

On November 4, 2008, California voters passed Proposition 9, the "Victims' Bill of Rights Act of 2008: Marsy's Law," which, *inter alia*, altered the frequency of parole hearings for prisoners not found suitable for parole. Cal. Penal Code § 3041.5; Cal. Const., art. I, § 28. Prior to the passage of Proposition 9, in the event a prisoner was determined unsuitable for parole, a subsequent parole hearing would be held annually thereafter. Cal Penal Code § 3041.5(b)(2) (2008). If the parole board determined it was not reasonable to expect parole would be granted within the next year, it could defer rehearing for two years. Id. If the prisoner was convicted of murder and it was not reasonable to expect he/she would be granted parole within the year, the board could select a rehearing term of up to five years. Id. Proposition 9 changed the frequency of subsequent parole hearings as follows:

> The board shall schedule the next hearing, after considering the views and interests of the victim, as follows:
>
>> (A) Fifteen years after any hearing at which parole is denied, unless the board finds by clear and convincing evidence that the criteria relevant to the setting of parole release dates enumerated in subdivision (a) of Section 3041 are such that consideration of the public and victim's safety does not require a more lengthy period of incarceration for the prisoner than 10 additional years.
>>
>> (B) Ten years after any hearing at which parole is denied, unless the board finds by clear and convincing evidence that . . . consideration of the public and victim's safety does not require a more lengthy period of incarceration for the prisoner than seven additional years.
>>
>> (C) Three years, five years, or seven years after any hearing at

>which parole is denied, because . . . consideration of the public and victim's safety requires a more lengthy period of incarceration for the prisoner, but does not require a more lengthy period of incarceration for the prisoner and convincing evidence that the criteria relevant to the setting of parole release dates than seven additional years.

Cal. Penal Code § 3041.5(b)(3) (November 4, 2008).

Petitioner claims an ex post facto violation occurred when Marsy's Law was applied to him retroactively because he was denied future parole consideration for a period of three years. The Court does not find an ex post facto violation.

In Morales, a California statute changed the frequency of reconsideration hearings for parole from every year to up to three years for prisoners convicted of more than one murder. 514 U.S. at 503. The Supreme Court determined the statute did not violate ex post facto because the retroactive application of the change in California law did not create "'a sufficient risk of increasing the measure of punishment attached to the covered crimes.'" Garner v. Jones, 529 U.S. 244, 250 (2000) (quoting Morales, 514 U.S. at 509). The Supreme Court noted that the law "did not modify the statutory punishment for any particular offenses," it did not "alter the standards for determining either the initial date of parole eligibility or an inmate's suitability for parole," and it "did not change the basic structure of California's parole law." Garner, 529 U.S. at 250 (citing Morales, 514 U.S. at 507). Likewise, in this case, Proposition 9 did not modify the punishment for Petitioner's offense of attempted murder, it did not alter his initial parole eligibility date, and it did not change the basic structure of California's parole law. The board must consider the same factors in determining parole suitability as before. See Cal. Penal Code 3041(b); Cal. Code Regs., tit. 15, § 2402(b).

Nevertheless as noted above, in Garner the Supreme Court found that "[r]etroactive changes in laws governing parole of prisoners, in some instances, may be violative of this precept." 529 U.S. at 250. In Garner, the Supreme Court determined that an amendment to Georgia's parole law did not violate ex post facto even where the frequency of reconsideration hearings was changed from every three years to every eight years. Id. at 256. The Court held that it could not conclude that the change in Georgia law lengthened the prisoner's time of actual

4

imprisonment because Georgia law vested broad discretion with the parole board to set a prisoner's date of rehearing. Id. at 254-56.  In addition, the Court found it significant that the parole board's own policies permitted "expedited parole reviews in the event of a change in [a prisoner's] circumstance or where the Board receives new information that would warrant a sooner review." Id. at 254 [Citation.].

Here, the California parole board is still vested with broad discretion in selecting a date of rehearing from three years to 15 years.  While it is true that Petitioner is no longer eligible for parole review as previously determined under California law, the Board retains the discretion, as did the Georgia parole board in Garner, to advance a hearing at any time should there be a change in circumstances. Pursuant to Cal. Penal Code § 3041.5(b)(4), the Board

> may in its discretion, after considering the views and interests of the victim, advance a hearing set pursuant to paragraph (3) to an earlier date, when a change in circumstances or new information establishes a reasonable likelihood that consideration of the public and victim's safety does not require the additional period of incarceration of the prisoner provided in paragraph (3).

Based on the Supreme Court's holding in Garner, this Court does not find, and Petitioner has not demonstrated, that Proposition 9 creates more than just a "speculative and attenuated possibility of producing the prohibited effect of increasing the measure of punishment for covered crimes." Garner, 529 U.S. at 251 (quoting Morales, 514 U.S. at 509).

For the above reasons, Petitioner's challenges to the Board's application of Marsy's Law in his case must fail and the state courts' determination of this issue was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

### III.     Constitutional Challenge to Length of Sentence

To the extent Petitioner is attempting to raise a separate constitutional challenge to the fact that he has been held beyond his minimum eligibility parole date (MEPD), such claim is without merit.

A life prisoner's MEPD is the "earliest date on which a . . . life prisoner may be legally released on parole." See Cal. Code Regs., tit. 15, § 3000.  The California Department of Corrections and Rehabilitation determines the MEPD.  Cal. Code Regs., tit. 15, § 2400.

1  Conversely, "[t]he length of time a prisoner must serve prior to actual release on parole is
2  determined by the board." Id.  The Board of Parole Hearings panel must first determine where
3  the life prisoner is suitable for release on parole.   Cal. Code Regs., tit. 15, § 2402.

4       California law provides that, one year prior to a prisoner's MEPD, the Board of Parole
5  Hearings panel shall meet with the prisoner and shall set a release date "unless it determines that
6  the gravity of the current convicted offense or offenses, or the timing and gravity of current or
7  past convicted offense or offenses, is such that consideration of the public safety requires a more
8  lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be
9  fixed at this meeting." Cal. Penal Code § 3041(b).  Thus, the prisoner's MEPD is the basis for
10  the timing of the initial suitability hearing.

11       The board is not required to consider the matrix, or principles of proportionality or
12  uniformity, until after the board deems an inmate suitable for parole.  See Cal. Code Regs., tit.
13  15, § 2403; In re Dannenberg, 34 Cal.4th 1061, 1091-1094 (2005), abrogated in part, In re
14  Lawrence, 44 Cal.4th 1181, 1205-1206 (2008).  Under California law, Petitioner will be released
15  on parole when the board determines that he is suitable for parole because he is no longer an
16  unreasonable risk to public safety.  In re Lawrence, 44 Cal.4th at 1205-1206.  Therefore,
17  Petitioner's due process rights were not violated when he was not released from prison on or
18  about his MEPD or in accordance with the applicable matrix because he has not yet been found
19  suitable for release.

20                              RECOMMENDATION

21       Based on the foregoing, it is HEREBY RECOMMENDED that:
22       1.     The instant petition for writ of habeas corpus be DISMISSED; and
23       2.     The Clerk of Court be directed to terminate this action.
24       This Findings and Recommendation is submitted to the assigned United States District
25  Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
26  Rules of Practice for the United States District Court, Eastern District of California.  Within
27  thirty (30) days after being served with a copy, any party may file written objections with the
28  court and serve a copy on all parties.  Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

| | |
|---|---|
| **Dated:**   **April 19, 2013** | **/s/ Barbara A. McAuliffe**<br>UNITED STATES MAGISTRATE JUDGE |